# THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *v.* THE NATIONAL BANK OF NEWBURGH, Respondent, AND JAMES BIGLER, Appellant, AND OTHERS.

*Injunction — when issuable after a sale in a foreclosure action, under section 604 of the Code of Civil Procedure.*

Where, after a sale in foreclosure, but before its confirmation, the mortgagor, who remains in possession, attempts to remove from the premises machinery, claimed by the purchaser to constitute a part of the realty, an injunction restraining him from so doing may properly be issued under section 604 of the Code of Civil Procedure.

APPEAL from an order made at Special Term continuing an injunction.

Under a foreclosure judgment in this action, property of James Bigler, the mortgagor, was sold by a referee, and purchased by the National Bank of Newburgh, which held a second mortgage on the same property, taken to secure a debt from Bigler to the bank. The property consisted of a dock and river front in Newburgh, upon which was a large saw mill and planing mill, containing sawing, planing and other machinery, worked by steam power. At the time of the foreclosure sale Bigler was and continued in possession of the property, and after the sale and before the delivery of the deed attempted to remove the machinery. The bank, as purchaser, presented its petition and obtained a temporary injunction, with an order to show cause why it should not be continued. On the hearing an order was made continuing the injunction, from which this appeal was taken.

*E. L. Fancher*, for the defendant Bigler, appellant. The remedy sought here by injunction is improper. Defendant Bigler is entitled to a trial by jury on the questions involved; and there is no case made for injunction. (*Redfield* v. *Middleton*, 7 Bosw., 649; *Murray* v. *Knapp*, 42 How. Pr. Rep., 462; *Watson* v. *Hunter*, 5 J. Ch., 169; *Park* v. *Musgrave*, 2 S. C. R. [T. & C.], 573; *Thompson* v. *Mathews*, 2 Edw., 212; *Barnes* v. *McAllister*, 18 How. Pr., 534; *Balcom* v. *Julien*, 22 id., 348; *Harrison* v. *Newton*, 9 N. Y. Leg. Obs., 347.) Since the Code (§ 602) abol-

ishing the writ of injunction, the court can only grant an injunction, by order, in an action where the right to it "depends upon the nature of the action." (Code, § 603; Bliss' Code, p. 474.) There must be a complaint showing a right to final relief, and it must demand an injunction as a part of the relief sought. (*Hovey* v. *McCrea*, 4 How. Pr., 31; *Olsen* v. *Smith*, 7 id., 481; *Hulse* v. *Thompson*, 8 id., 475; *Mattice* v. *Gifford*, 16 Abb. Pr., 246; *Morgan* v. *Quackenbush*, 22 Barb., 72; *Springsteen* v. *Powers*, 4 Robt., 624; *Fellows* v. *Heermans*, cited in 45 N. Y., 645; *Gentil* v. *Arnaud*, 38 How. Pr., 94; *Brown* v. *The Keeny S. C. Ass.*, 59 N. Y., 243; id., 176.)

*E. A. Brewster*, for the defendant, respondent, The National Bank of Newburgh.

GILBERT, J.:

We think that this proceeding is authorized by section 604 of the Code of Civil Procedure. An action of foreclosure by sale being one *quasi in rem*, may properly be characterized as one that is pending, until the sale has been confirmed and the purchaser has been let into possession. Until that has been done, acts, such as this injunction restrains, are manifestly in violation of the plaintiff's rights respecting the subject of the action, and they tend to render the judgment in a material degree ineffectual.

The question whether the machinery in controversy is a part of the realty with which it is connected is largely one of fact. There is ample evidence to warrant a finding that it is actually annexed to the realty, and that such annexation was made by the owner thereof with the intention of making the machinery a permanent accession to the freehold.

We think, therefore, the conclusion reached at Special Term is correct. (*Potter* v. *Cromwell*, 40 N. Y., 287; *McRea* v. *Cent. Nat. Bk.*, 66 id., 489.)

The order must be affirmed, with costs and disbursements.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.